IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 3, 2021

## IN RE JAYDEN L.

**Appeal from the Juvenile Court for Hawkins County**
**No. HJ-20-0169      Daniel G. Boyd, Judge**
_____

### No. E2020-01668-COA-R3-PT
_____

This is an appeal from a termination of parental rights case. While the trial court concluded that two grounds for termination existed in this case, it determined that there was a lack of clear and convincing evidence that the termination of the mother's rights was in the child's best interests. For the reasons stated herein, namely the absence of appropriate findings under Tennessee Code Annotated section 36-1-113(k), we vacate the trial court's order with respect to the grounds for termination and remand the case for the preparation of appropriate findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

Deborah A. Yeomans-Barton, Johnson City, Tennessee, for the appellant, Jayden L. L.

Amy Kathleen Skelton, Rogersville, Tennessee, for the appellee, Angela R. S.

Herbert H. Slattery, III, Attorney General and Reporter, and Jordan K. Crews, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

### OPINION

The underlying proceedings were initiated in March 2020 when the Department of Children's Services ("the Department") filed a petition in the Hawkins County Juvenile Court seeking to terminate the parental rights of the mother to the child at issue. Following a trial in October 2020, the trial court ruled that the mother's parental rights should not be terminated. Specifically, as reflected in the "Order of Dismissal" entered on November

17, 2020, the trial court concluded that, notwithstanding the establishment of two grounds for termination, the Department had failed to prove that it was in the minor child's best interests for his mother's parental rights to be terminated.

In the present appeal, the child's guardian ad litem and the Department argue that the trial court erred in its analysis pertaining to the child's best interests. Although the mother does not appear to raise any additional issues for our consideration, our review on appeal cannot be narrowly circumscribed by the appellate briefing submitted by the guardian ad litem and the Department due to the gravity of the consequences that follow from termination proceedings. Indeed, Tennessee Supreme Court precedent instructs us to review the trial court's findings as to each ground for termination found to apply. *See In re Carrington H.*, 483 S.W.3d 507, 525 (Tenn. 2016); *see also In re Zayne P.*, No. W2017-01590-COA-R3-PT, 2018 WL 2041573, at *6 (Tenn. Ct. App. Apr. 30, 2018) (reviewing a ground for termination found by the trial court even though the ground was unchallenged by parents in an appeal stemming from the trial court's dismissal of termination petition). As explained below, due to a lack of appropriate findings with respect to both grounds for termination found by the trial court, we do not reach the question of the child's best interests in this appeal but instead vacate the grounds for termination found and remand the case for further proceedings.

The first ground for termination found by the trial court is codified at Tennessee Code Annotated section 36-1-113(g)(2). This ground is established when "[t]here has been substantial noncompliance by the parent . . . with the statement of responsibilities in a permanency plan." Tenn. Code Ann. § 36-1-113(g)(2). As we recently elaborated concerning the parameters of this ground:

> In conjunction with terminating a parent's parental rights under this ground, the court "must first find that the plan requirements are reasonable and related to conditions that necessitate foster care placement." *In re Hannah H.*, No. E2013-01211-COA-R3-PT, 2014 WL 2587397, at *10 (Tenn. Ct. App. June 10, 2014) (citations omitted). "The trial court must then find that the noncompliance is substantial." *Id.* (citation omitted). Although the termination statute does not define what conduct constitutes substantial noncompliance, terminating parental rights under this ground "requires more proof than that a parent has not complied with every jot and tittle of the permanency plan." *In re M.J.B.*, 140 S.W.3d at 656. The significance of the noncompliance "should be measured by both the degree of noncompliance and the weight assigned to that requirement." *In re Valentine*, 79 S.W.3d at 548. "Terms which are not reasonable and related are irrelevant, and substantial noncompliance with such terms is irrelevant." *Id.* at 548-49. Because determining whether substantial noncompliance exists is a question of law, we review the issue de novo with no presumption of correctness.

*In re Mickeal Z.*, No. E2018-01069-COA-R3-PT, 2019 WL 337038, at *8 (Tenn. Ct. App. Jan. 25, 2019).

This ground, like all grounds for termination, must be established by clear and convincing evidence. *See* Tenn. Code Ann. § 36-1-113(c)(1). Moreover, pursuant to Tennessee Code Annotated section 36-1-113(k), the trial court's order must contain "specific findings of fact and conclusions of law." *See* Tenn. Code Ann. § 36-1-113(k). The requirement for specific findings in termination orders is a highly significant one and "reflects the Tennessee General Assembly's recognition of the necessity of individualized decisions in these cases." *In re C.R.B.*, No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *3 (Tenn. Ct. App. Nov. 13, 2003). Moreover, it "reflects the legislature's understanding that findings of fact and conclusions of law facilitate appellate review and promote the just and speedy resolution of appeals." *Id.* "Meticulous compliance" with the mandates of Tennessee Code Annotated section 36-1-113(k) is required, *In re Maria B.S.*, No. E2011-01784-COA-R3-PT, 2012 WL 1431244, at *3 (Tenn. Ct. App. Apr. 25, 2012), and "[w]hen a trial court fails to enter an order containing adequate findings of fact and conclusions of law with regard to all alleged grounds for termination, the Tennessee Supreme Court has instructed the appellate courts to remand the case to the trial court for the preparation of appropriate written findings of fact and conclusions of law." *In re C.R.B.*, 2003 WL 22680911, at *4. We have previously urged judges and litigants to be thorough in the preparation of orders, particularly when the rights of parents and minor children are involved. *In re Jaylah W.*, 486 S.W.3d 537, 554 n.18 (Tenn. Ct. App. 2015).

As to the ground under Tennessee Code Annotated section 36-1-113(g)(2), the trial court's written order contained the following findings: "The Court finds that the Petitioner has proven by clear and convincing evidence that the Respondent/Mother has not complied with the permanency plan pursuant to *Tennessee Code Annotated* § 36-1-113(g)(2). Specifically, the Respondent/Mother failed to substantially complete the goals of the permanency plan." The court also incorporated oral pronouncements made at the conclusion of trial.

Initially, we note that the court's attempt to incorporate its oral rulings is, under past precedent, impermissible given that this is a termination proceeding. *See In re S.M.*, 149 S.W.3d 632, 639 n.12 (Tenn. Ct. App. 2004) (noting that because of section 36-1-113(k) "trial courts may not simply make oral findings of fact from the bench and then adopt them by reference in their final order"); *see also In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App. Nov. 25, 2003) ("Because of Tenn. Code Ann. § 36-1-113(k), trial courts cannot follow the customary practice of making oral findings from the bench and later adopting them by reference in their final order."). This particular concern has also generated some debate, however, as one judge on this Court has previously opined that he was open to reviewing incorporated oral rulings provided the rulings were "sufficiently detailed." *In re K.J.G.*, No. E2015-00087-COA-R3-PT, 2016 WL 1203800, at *5 (Tenn. Ct. App. Mar. 28, 2016) (Swiney, C.J., dissenting).

- 3 -

Here, we need not specifically address the potential ability of a court to incorporate oral rulings into an order regarding termination proceedings. As it is, the trial court's specific written findings for the ground codified at Tennessee Code Annotated section 36-1-113(g)(2) indicate that it did not apply the proper standard. As noted above, the trial court found that the mother in this case "failed to substantially complete the goals of the permanency plan." This finding misses the mark in a couple of respects. First, the relevant issue is not the mother's substantial completion with regard to the permanency plan. Rather, the appropriate standard is whether there has been "substantial noncompliance." *In re Jaylah W.*, 486 S.W.3d at 555; *see also In re Jaylan J.*, No. W2019-02025-COA-R3-PT, 2020 WL 7861378, at *14 (Tenn. Ct. App. Dec. 22, 2020) (noting that section 36-1-113(g)(2) does not require that a parent "substantially comply" with a permanency plan). Second, under the statute, a parent's "substantial noncompliance" is adjudged in reference to the "statement of responsibilities in a permanency plan." Tenn. Code Ann. § 36-1-113(g)(2). Here, the trial court's written order refers to the "goals" of the permanency plan. The court's consideration of "goals" is of concern because the question of substantial noncompliance does not turn on whether the parent achieved a permanency plan's desired outcomes. *In re J.D.L.*, No. M2009-00574-COA-R3-PT, 2009 WL 4407786, at *16 (Tenn. Ct. App. Dec. 2, 2009). Rather, as noted above, "[t]he question of substantial noncompliance turns on whether the parent complied with a plan's statement of responsibilities." *Id.*

Although the trial court's oral ruling, assuming it could be considered, contains a discussion of the "action steps" of the permanency plan and mentions the mother's alleged "substantial noncompliance" with the permanency plan, the specific written findings are clearly inadequate for the reasons stated above. Given the concern that arises from these written findings as to whether the trial court actually applied the proper standard in its ultimate disposition, we are compelled to vacate the trial court's order with respect to this ground and remand the matter for findings of fact and conclusions of law under Tennessee Code Annotated section 36-1-113(k) in reference to the proper standard governing this ground for termination.

The second ground for termination the trial court held was established is codified at Tennessee Code Annotated section 36-1-113(g)(3). Commonly known as "persistence of conditions," this ground applies when

> [t]he child has been removed from the home or the physical or legal custody of a parent or guardian for a period of six (6) months by a court order entered at any stage of proceedings in which a petition has been filed in the juvenile court alleging that a child is a dependent and neglected child, and:
> (i) The conditions that led to the child's removal still persist, preventing the child's safe return to the care of the parent or guardian, or other conditions exist that, in all reasonable probability, would cause the child to be subjected to further abuse or neglect, preventing the child's safe

- 4 -

return to the care of the parent or guardian;
(ii) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent or guardian in the near future; and
(iii) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable, and permanent home[.]

Tenn. Code Ann. § 36-1-113(g)(3)(A). "Each of the statutory elements that make up the ground known as persistence of conditions must be established by clear and convincing evidence." *In re Aaron E.*, No. M2014-00125-COA-R3-PT, 2014 WL 3844784, at *8 (Tenn. Ct. App. Aug. 4, 2014) (citing *In re Valentine,* 79 S.W.3d 539, 550 (Tenn. 2002)).

In this case, the trial court's written findings pertaining to this ground merely consisted of the following: "The Court finds that the Petitioner has successfully proven by clear and convincing evidence that persistent conditions still exist pursuant to *Tennessee Code Annotated* § 36-1-113(g)(3). Specifically, the Court finds that the Petitioner proved this ground due to the untreated substance abuse issues by the Respondent/Mother." As should be evident, the court's ruling is largely conclusory and not all of the elements of the statute are addressed. Namely, no findings are included that are in any way responsive to Tennessee Code Annotated section 36-1-113(g)(3)(A)(ii) or section 36-1-113(g)(3)(A)(iii). As illustrated by a recent opinion issued by this Court, such incompleteness in the order necessitates a vacation of the trial court's order with respect to the ground for termination:

> While the Juvenile Court's order in this case contains limited findings responsive to this ground, notably, it contains no findings relative to (g)(3)(A)(iii) concerning whether "[t]he continuation of the parent ... and child relationship greatly diminishes the child's chances of early integration into a safe, stable, and permanent home." Being an element of the statutory ground, it is a factor that must be established and found. Indeed, "[t]he absence of appropriate findings supporting this ground for termination is not a trivial concern." *In re Mickeal Z.*, No. E2018-01069-COA-R3-PT, 2019 WL 337038, at *13 (Tenn. Ct. App. Jan. 25, 2019). In termination cases, "the trial court is specifically directed by statute to 'enter an order that makes specific findings of fact and conclusions of law.'" *Id.* (quoting Tenn. Code Ann. § 36-1-113(k)). Because the Juvenile Court did not make findings regarding each of the elements applicable to the persistence of conditions ground, we hereby vacate the termination order with respect to this ground.

*In re Dominic B.*, No. E2020-01102-COA-R3-PT, 2021 WL 774185, at *8 (Tenn. Ct. App. Mar. 1, 2021); *see also In re Mickeal Z.*, 2019 WL 337038, at *13 ("[A]lthough the trial court found that Mother's drug abuse persisted to the date of trial, it made no specific finding regarding the likelihood that such a concern could be remedied at an early date so

that the children could be returned to Mother in the near future.").

As to this ground, the trial court again incorporated oral pronouncements. Assuming these could be considered, they clearly fail to address all of the statutory elements. Because of the concerns that exist with respect to the trial court's findings, or lack thereof, we vacate its order with respect to this ground and remand the matter for findings of fact and conclusions of law under Tennessee Code Annotated section 36-1-113(k) regarding all statutory elements of the ground.

In light of the above, we conclude that no ground for termination has been properly established at this time. Accordingly, we do not reach the question of the child's best interests. *See In re D.L.B.*, 118 S.W.3d 360, 368 (Tenn. 2003) ("Because grounds for terminating the parental rights of Mr. Moore have not been established, we do not reach the best interest of the child analysis."); *see also In re Nevaeh B.*, No. E2020-00315-COA-R3-PT, 2020 WL 4920020, at *3 (Tenn. Ct. App. Aug. 20, 2020) ("Because we have vacated the sole ground for termination against Father, we do not address the trial court's best interests analysis as to the termination of Father's parental rights."). Consistent with our direction herein, the trial court's order is vacated with respect to both grounds for termination found, and the case is remanded for the entry of an order containing appropriate findings of fact and conclusions of law on each ground under Tennessee Code Annotated section 36-1-113(k). Regarding the proceedings occurring on remand, we direct the trial court to promptly address these matters. *See* Tenn. Code Ann. § 36-1-124 (providing that contested termination proceedings shall be expedited).

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE